UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARTIN A. HOLMAN,<br><br>    Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 3:20-cv-00831<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Martin A. Holman ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of The CBE Group, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, and the FDCPA, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Illinois, Defendant conducts business in the Southern District of Illinois, and all of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant resided in the Southern District of Illinois.

5. Defendant is a corporation engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due to another using the mail and telephone from consumers across the country, including consumers in the state of Illinois. According to its website, Defendant's principal business purpose is "receivables management."[1] Defendant's principal place of business is located at 1309 Technology Parkway, Cedar Falls, Iowa 50613.

## FACTS SUPPORTING CAUSES OF ACTION

6. In 2014, Plaintiff had a personal cellular phone account with Verizon Wireless ("subject debt").

7. Due to unforeseen financial hardship, Plaintiff fell behind on payments and defaulted on the subject debt.

8. Shortly thereafter, Defendant acquired the subject debt after it was already in default.

9. In early 2020, Defendant began placing collection calls to Plaintiff's cellular telephone number (618) XXX-0383, in an attempt to collect on the subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 0383.

11. In and around June 2020, Plaintiff answered a call from Defendant and demanded that it stop calling him.

12. Despite Plaintiff's request, Plaintiff has continued to receive frequent collection calls from Defendant.

13. In total, Defendant placed or caused to be placed no less than 53 phone calls to Plaintiff's cellular telephone from May 2020 through the present day, at times with multiple calls taking place in one day and calls taking place on back-to-back days.

---

[1] https://www.cbecompanies.com/careers. (Last visited: August 26, 2020).

14. Specifically, between June 18, 2020 and June 30, 2020, Defendant placed no less than 19 phone calls to Plaintiff's cellular phone.

15. Moreover, between July 1, 2020 and July 9, 2020, Defendant placed no less than 20 phone calls to Plaintiff's cellular phone.

16. On July 8, 2020, Defendant placed 5 consecutive calls to Plaintiff's cellular phone.

17. Defendant mainly called Plaintiff from the phone numbers (314) 582-4374, (314) 582-4270, and (314) 582-4322, but upon information and belief, Defendant may have used multiple other phone numbers to contact Plaintiff.

18. Due to the nature, volume, and pattern of Defendant's phone calls to Plaintiff's cellular phone, Plaintiff's was unduly harassed by Defendant's attempt to dragoon Plaintiff into making a payment on the subject debt.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by the FDCPA §1692a(5) because the subject debt stems from a defaulted personal cellular phone account with Verizon Wireless, and thus incurred for "personal, family, or household" purposes.

26. Defendant is a "debt collector" as defined by the FDCPA §1692a(6) because it uses instrumentalities of interstate commerce or the mails to collect defaulted debts.

27. Defendant is a "debt collector" as defined by the FDCPA §1692a(6) because its principal business purpose is the collection of debts.

28. Defendant is a "debt collector" as defined by the FDCPA §1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

29. Defendant is a "debt collector" as defined by the FDCPA §1692a(6) because it acquired the subject debt after it was in default.

30. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

32. Defendant violated 15 U.S.C. §§1692c(a)1, d, and d(5) through its unlawful debt collection practices.

### a.  Violations of FDCPA §1692c

33. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

34. Furthermore, the high volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

### b.  Violations of FDCPA §1692d

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

36. Defendant violated §1692d when it repeatedly and persistently called Plaintiff seeking payment on the subject debt. Defendant was simply trying to harass Plaintiff into paying the subject debt immediately.

37. Defendant also violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

38. Specifically, Defendant placed or caused to be placed no less than 53 phone calls to Plaintiff's cellular telephone from May 2020 through the present day, at times with multiple calls taking place in one day and calls taking place on back-to-back days.

39. Specifically, between June 18, 2020 and June 30, 2020, Defendant placed no less than 19 phone calls to Plaintiff's cellular phone.

40. Moreover, between July 1, 2020 and July 9, 2020, Defendant placed no less than 20 phone calls to Plaintiff's cellular phone.

41. On July 8, 2020, Defendant placed 5 consecutive calls to Plaintiff's cellular phone.

42. Due to the nature, volume, and pattern of Defendant's phone calls to Plaintiff's cellular phone, Plaintiff's was unduly harassed by Defendant's attempt to dragoon Plaintiff into making a payment on the subject debt.

43. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

44. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MARTIN A. HOLMAN respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Enjoin Defendant from further contacting Plaintiff's cellular phone;

   c. Award Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   d. Award Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   e. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   f. Award any other relief as this Honorable Court deems just and appropriate.

Dated: August 27, 2020									Respectfully Submitted,

											/s/ Marwan R. Daher
											/s/ Alexander J. Taylor
											Marwan R. Daher, Esq.
											Alexander J. Taylor, Esq.
											*Counsel for Plaintiff*
											Sulaiman Law Group, Ltd
											2500 S Highland Ave, Suite 200
											Lombard, IL 60148
											Telephone: (630) 575-8181
											mdaher@sulaimanlaw.com
											ataylor@sulaimanlaw.com